# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51075
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO TIEMPO-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1563-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Pedro Tiempo-Garcia pleaded guilty to illegal reentry after having been previously removed, in violation of 8 U.S.C. § 1326, and was sentenced above the guidelines range to 60 months of imprisonment. He complains that the variance imposed, which was double the top of the applicable guidelines range, failed to account for the nature of the offense and his personal history and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51075

characteristics and was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

This court reviews the substantive reasonableness of a sentence under a highly deferential abuse-of-discretion standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A sentence is substantively unreasonable if it "does not account for a factor that should have received significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing the sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

To the extent that Tiempo-Garcia argues that an upward variance was unreasonable because it was based in part on his prior conviction for attempted capital murder, which was already accounted for in his guidelines calculations, the argument is not well-taken. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *see also United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). The district court was entitled to consider and place appropriate weight on Tiempo-Garcia's criminal history, which included not only his attempted capital murder conviction but several unscored offenses, as well as at least four prior illegal entries or reentries. *See* § 3553(a)(1); *see also United States v. Fraga*, 704 F.3d 432, 440–41 (5th Cir. 2013); *Brantley*, 537 F.3d at 350. The court was similarly entitled to consider the circumstances involved in the instant offense, including that it was committed within six months of Tiempo-Garcia's release on parole from the attempted capital murder conviction. § 3553(a)(1). Tiempo-Garcia's argument that a variance was unjustified because illegal reentry is a nonviolent offense tantamount to international trespass is unpersuasive. *Cf. United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

2

No. 19-51075

His assertions to the contrary notwithstanding, the record establishes that the district court considered Tiempo-Garcia's personal history and characteristics, including his reason for returning, the age of his prior attempted murder conviction, and his role in that offense. Tiempo-Garcia fails to show that the district court failed to account for a factor that warranted significant weight or that it gave undue weight to an improper factor. *See Cooks*, 589 F.3d at 186. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance, *see Brantley*, 537 F.3d at 349, and justify the extent of the upward variance imposed, *see United States v. Pillault*, 783 F.3d 282, 288 (5th Cir. 2015).

AFFIRMED.